**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| VERLEE REEDUS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-1604-SEB-VSS |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Complaint for Judicial Review**

Verlee Reedus ("Reedus") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

### I. BACKGROUND

Reedus filed an application for SSI on September 17, 2001. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on December 9, 2003. Reedus was present, accompanied by her attorney. Medical and other records were introduced into evidence, and Reedus, a medical expert, and a vocational expert testified at the hearing. The ALJ issued a decision on March 20, 2004, denying benefits. On July 1, 2005, the Appeals Council denied Reedus' request for review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Reedus had not engaged in substantial gainful activity since the alleged onset of disability; (2) Reedus had medically determinable "severe" impairments of hypertension, diabetes mellitus, asthma, obesity, and a large accessory navicular, status post surgery, but her impairments of osteoarthritis and back and shoulder pain were not medically determinable impairments and, thus, were not "severe;" (3) the severity of Reedus' impairments did not meet or medically equal any one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (4) Reedus' allegations regarding her limitations were not totally credible for the reasons set forth in the body of the ALJ's decision; (5) Reedus had the residual functional capacity ("RFC") for the full range of sedentary work; (6) Reedus was unable to perform her past relevant work; (7) Reedus was a younger individual with a limited education and an unskilled work background; and (8) because the evidence supported a finding that Reedus could perform the demands of the full range of sedentary work, a finding of "not disabled" was directed by Medical-Vocational Rules 201.24 and 201.18. With these findings in hand, and through the application of applicable rules, the ALJ concluded that Reedus was not under a disability as defined in the Act at any time through the date of the ALJ's decision.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 416.908.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993).  "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

The ALJ determined that although Reedus had severe impairments consisting of hypertension, diabetes mellitus, asthma, obesity, and a large accessory navicular, status post surgery, she could still perform the full range of sedentary jobs.  The sole issue presented by Reedus is whether the ALJ failed to satisfy his duty to develop a full and fair record.

Reedus argues that her attorney wrote three letters to the ALJ, requesting that the ALJ obtain certain medical records.  On July 23, 2003, counsel wrote, "Please obtain the updated records from the Clinic of Hope, 206 South Union, Kokomo, Indiana 46901 from November 6, 2001 to the present date.  The clinic will not send those records to me." (R. at 82, 359). On July 23, 2003, counsel also signed a Certificate of Readiness, certifying that "all relevant evidence is up-to-date as of the date of this Certificate and that the case is ready to be scheduled." (R. at 81). On October 9, 2003, counsel wrote a letter to the ALJ enclosing a "bill that the claimant has received from Dr. Lehman's office for $16.20, which she cannot pay." He wrote that "[s]he is on Medicaid.  Her only source of help is food stamps."  (R. at 83, 357).  The bill was for a prepayment for copies of medical records.  (R. at 84, 358).  Counsel sent a very similar letter to the ALJ on November 19, 2003, enclosing a bill for $53.56 from a Dr. Wagoner's office.  (R. at 86-87, 355-356).

Counsel was notified in September 2002 via letter from the Social Security Administration of the following procedure to "providing additional evidence:"

> If there is more evidence you want the ALJ to see, get it to us as soon as possible.  If you need help, you should contact us immediately.  You may ask the ALJ to issue a subpoena that requires a person to submit documents or testify at your hearing.

(R. at 101).

The Notice of Hearing sent to counsel in November 2003, also further explained a claimant's right to request that a subpoena be issued to obtain documents. (R. at 38).  That notice instructed the claimant to *submit a written request* as soon as possible before the hearing, identifying the needed documents and the important facts the documents were

expected to prove and why she could not prove those facts without a subpoena. *Id.*

The Seventh Circuit has discussed the ALJ's duty to make a complete record and the difficulty in determining when a record is "complete."

> While it is true that the ALJ has a duty to make a complete record, this requirement can reasonably require only so much. As this court noted in *Kendrick v. Shalala*, "[t]he difficulty is that no record is 'complete'-one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on. Taking 'complete record' literally would be a formula for paralysis." *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir.1993).

*Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

At the hearing, the ALJ acknowledged the need to treat the record as complete as is.

> . . . I think that what the situation that presents itself is that these cases that are - - this one is more than two years old since it was filed.  It's ongoing, it's ongoing.  It continues to be ongoing and at some point in time we have to do what we're doing here today is have a hearing based on what we have and I think I'm just going to have to decide the case based on what I have, and it if turns out one way, then there won't be any further need for Miss Reedus to do anything else.  If it turns out the other way, she may have to file another claim but that is preferable, I think, to dragging these cases out *ad infinitum*, and that's unfortunately what's going to happen.  So I'm going to decide this case as it's before me today based on the evidence I have today and obviously if you come upon some evidence that is very compelling, you can file a motion to reopen and I would certainly entertain it.

(R. at 76-77.)

In his decision, the ALJ discussed the fact that Veedus requested additional records, but noted that by the time the request was brought to the attention of the ALJ, the case had already been scheduled pursuant to counsel's Certificate of Readiness. (R. at 23). The request for records was treated as a motion for continuance and as such would only be granted for good cause. *Id.*  The ALJ noted that the burden of proving disability is on the claimant and that the relevant date of consideration is the date of filing.  (R. at 24). He stated that it was not clear that the requested records were newly discovered evidence or evidence that would make a difference in the outcome of the hearing. *Id.*  Reedus had indicated that she saw Dr. Wagoner but was not being treated by him, rather he prescribed medications for her. *Id.* There was also no indication that Reedus had been seeing Dr. Wagoner for the 12 months required to satisfy the duration requirement.  For these reasons, the ALJ denied the more recent request to obtain records and to continue the

hearing. *Id.*

As indicated by the ALJ, a claimant does bear the burden of providing adequate records and evidence to prove her claim of disability. *See* 20 C.F.R. § 416.912(c) ( "You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."); *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). At the same time, "the ALJ has a duty to develop a full and fair record." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). The regulations which discuss the obligations to obtain medical records focus on the date of application and the 12 months prior to that date.

> (d) Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.
>
> (1) Every reasonable effort means that we will make an initial request for evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup request to obtain the medical evidence necessary to make a determination. The medical source will have a minimum of 10 calendar days from the date of our followup request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case.
>
> (2) By complete medical history, we mean the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application. If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began unless we have reason to believe that your disability began earlier.

20 C.F.R. § 416.912(d).

The Social Security Administration requested records from the Clinic of Hope in October of 2001 and they were obtained in December 2001. (R. at 143-203). The record also reflects that additional records were obtained from the Clinic of Hope in June of 2003. (R. at 252-343). Such records included materials dated 2002 and 2003. Counsel admitted at the hearing that he did not ask the ALJ for assistance in obtaining any mental health records. (R. at 75). An ALJ is "entitled to assume" that an applicant represented by an

attorney is making her "strongest case for benefits." *Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir.1987).

Reedus did not request that a subpoena be issued. She did not make any request for additional records until ten months after the September 2002 notice, at which time counsel also certified that the record was complete and ready for hearing. The requests for reimbursements for copies were not requests for subpoenas and were not clear requests for assistance with obtaining additional records. As noted above, the record does, in fact, include Clinic of Hope records from 2002 and 2003. Reedus has not shown that the record considered was inadequate to determine her eligibility for benefits. Moreover, the ALJ gave a reasonable explanation during the hearing and again in his written decision as to the basis for his decision to move forward without waiting for additional records. Under these circumstances, the ALJ did not fail to satisfy his duty to develop a full and fair record.

### III.  CONCLUSION

There was no error in the assessment of Reedus' application for SSI. The final decision of the Commissioner is not tainted by legal error. Under these circumstances, Reedus is not entitled to relief in this action.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/04/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana